[No. 15740. Department Two. September 13, 1920.]

H. R. CHARLTON *et al., Respondents,* v.
ROBERT J. GRAHAM *et al., Appellants.*[1]

BOUNDARIES (13)—LOCATION OF LINES—EVIDENCE—SUFFICIENCY. Defendants' acquiescence in a boundary line along the line of an old fence a few feet from a correct survey, is sufficiently shown where it appears that such line corresponds in alignment with the boundary line between adjoining tracts; that a hedge planted by defendants to mark the boundary is in direct line therewith; that a cistern constructed on that tract by defendants would be on their neighbor's land if their present claims are correct; that a barn erected by them stands flush with such line and is without openings on that side, though it appears to be an appropriate place for openings, and there was no offer to explain why there should be a jog in the general division line in the neighboring tracts.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered May 15, 1919, in favor of the plaintiffs, in an action to quiet title, tried to the court. Affirmed.

*A. H. Moehler* and *Hughes & Adams,* for appellants.
*Fred Kemp,* for respondents.

FULLERTON, J.—The respondents, who were plaintiffs below, own a tract of orchard land containing approximately twenty acres, situated in Chelan county. The land is rectangular in shape, having a length double that of its width, the length extending east and west. The appellants own a ten-acre tract lying to the south of the respondents' tract and abutting onto the east half thereof. The respondents acquired their tract in 1904. At that time the land abutting upon the south for the length of the entire tract was in one ownership and was inclosed by a fence, the fence on the north of

[1] Reported in 192 Pac. 936.

the tract marking, or supposedly marking, the dividing line between the two tracts. The appellants acquired their interest later and at different times; acquiring the east five acres thereof in 1910, and the west five acres in 1912. At this time the fence was in existence. This fence, due to the so-called "Herd Law" of 1911 (Laws of 1911, p. 93; Rem. Code, § 3172-1), was suffered to decay and become, in part at least, obliterated, so that, in 1918, but little, if any, vestiges of it remained. In the year last named, the appellants caused their tract to be surveyed by an engineer of Chelan county. This survey marked the north line of the tract as extending eleven and nine-tenths feet north of the line of the old fence as the respondents conceive it to be at the northeast corner, and four and one-tenth feet north of such line at the northwest corner. The appellants caused the land to be fenced in accordance with the survey, whereupon the respondents brought the present action to recover possession of the tract lying between the line of the old fence and the line of the new survey. The action resulted in a recovery on their part, and this appeal followed.

The respondents do not seriously dispute that the line as run by the engineer marks the true dividing line between the lands if protracted from the monuments as they presently exist, but rest their case on the claim that the fence mentioned was erected as the dividing line between the tracts, and that the line marked thereby has been recognized and acquiesced in as such dividing line for a period of time longer than the period of the statute of limitations. It was to these questions that the evidence was directed. The theory of each side is supported by a number of witnesses who testified to their recollection of the location of existing monuments. Their testimony is in conflict and cannot be

reconciled on any possible theory. There are, however, matters and circumstances in the record apart from these uncertain recollections of the witnesses which, to our minds, throw the weight of the evidence to the side of the respondents. It appears that the line as contended for by the respondents corresponds in alignment with the boundary line between adjoining tracts lying both to the east and to the west of these tracts, which the line claimed by the appellants does not. The appellants planted a hedge to mark the south boundary of a small tract taken from the east side of the respondents' tract, which is in direct alignment with the line as claimed by the respondents. They also constructed a cistern on this tract which must be on their neighbor's land if their present claims are correct. They erected a barn on their ten-acre tract which stands flush with the line as claimed by the respondents, the eaves of the barn perhaps extending over the line. On the side of the barn next to the respondents there are no openings of any kind, yet it appears that this would have been an appropriate place for openings if the appellants thought then, as they now claim, that the barn is some ten feet south of the true line. True, the appellant Robert J. Graham offers explanations of some of these apparent inconsistencies, confessing that the hedge and cistern are on his neighbor's property, and saying that the barn was so constructed that a passageway might be left behind it, but he offers no explanation, and we find none elsewhere in the record, why, at this particular place, there is a jog in the general division line which marks the dividing line between these and the neighboring tracts.

But the questions are wholly questions of fact, and it would serve no useful purpose to pursue the inquiry. We cannot conclude that the trial judge found against

the weight of the evidence, and must therefore affirm the judgment. It is so ordered.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.